## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DOROTHEE SCHMITZ and JAKOB SCHMITZ, | CIVIL ACTION No.: 1:20-cv-4094 |
| Plaintiffs, | |
| v. | |
| TAXI TOURS INC. d/b/a BIG BUS TOURS NEW YORK a/k/a BIG BUS TOURS, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiffs, DOROTHEE SCHMITZ and JAKOB SCHMITZ, by and through undersigned counsel, hereby sue Defendant, TAXI TOURS INC. d/b/a BIG BUS TOURS NEW YORK a/k/a BIG BUS TOURS, and for their Complaint allege and aver the following:

### NATURE OF THE ACTION

1.      This action is brought to redress injuries sustained by Plaintiffs, DOROTHEE SCHMITZ and JAKOB SCHMITZ, as a result of the negligence and breach of the duty of care by Defendant, TAXI TOURS INC. d/b/a BIG BUS TOURS NEW YORK a/k/a BIG BUS TOURS, in the ownership and operation of a tour bus in New York City.

### JURISDICTION, PARTIES, AND VENUE

2.      Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the amount in controversy as set forth herein.

3.      The matter in controversy exceeds the sum or value of §75,000.00, exclusive of interest and costs, and is between citizens of a foreign state and a citizen of a territorial state of the United States, thereby establishing original jurisdiction pursuant to 28 U.S.C. § 1332.

4.      Plaintiff, DOROTHEE SCHMITZ, resides in and is a citizen of the Federal Republic of Germany within the meaning of 28 U.S.C. 1332(a).

5.      Plaintiff, JAKOB SCHMITZ, resides in and is a citizen of the Federal Republic of Germany within the meaning of 28 U.S.C. 1332(a).

6.      Upon information and belief, Defendant, TAXI TOURS INC. d/b/a BIG BUS TOURS NEW YORK a/k/a BIG BUS TOURS, is, upon information and belief, a duly qualified and licensed corporation in the state of New York with its principal place of business located at 723 7th Avenue, 5th Floor, New York, New York 10019.

7.      The Court has personal jurisdiction over the Defendant, TAXI TOURS INC. d/b/a BIG BUS TOURS NEW YORK a/k/a BIG BUS TOURS, because the tortious acts were committed within, and the Defendant is a resident of, the state of New York.

8.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, inasmuch as the events or omissions giving rise to the claim occurred within the judicial district.

## FACTUAL ALLEGATIONS

9.      On May 26, 2017, sixty-six-year old Dorothee Schmitz (hereinafter referred to as "Mrs. Schmitz" or as "Plaintiff") and her husband, Jakob Schmitz (hereinafter referred to as "Mr. Schmitz" or collectively with his wife as "Plaintiffs") flew to New York City with additional family members for a long-anticipated vacation.

10.     The Plaintiffs had saved for this trip and paid a significant amount of money to experience this once in a life-time family trip to New York City.

11.     On May 27, 2017, Mrs. Schmitz purchased tour tickets through TAXI TOURS INC. d/b/a BIG BUS TOURS NEW YORK a/k/a BIG BUS TOURS (hereinafter referred to as "Big Bus" or as "Defendant") for her family.

12.     Big Bus offers sight-seeing tour services in New York City, utilizing double-decker, open-air buses that operate on a "hop-on, hop-off" basis.

13.     On the morning of Sunday, May 28, 2017, Mrs. Schmitz and her family were riding on the upper deck of a bus that, upon information and belief, was registered, owned, and operated by Big Bus (hereinafter referred to as "the double-decker Tour Bus") through its employee[s].

14.     Mrs. Schmitz and her daughter were seated in the 2nd row on the right side of the double-decker Tour Bus, which was equipped with a front window and side windows along the deck. Mrs. Schmitz sat in the seat closest to the side window of the second row. Mr. Schmitz was seated in the fourth row on the right side.

15.     At no time was there any warning provided by Big Bus and/or its employees about any risks associated with sitting on the upper deck of the double-decker Tour Bus.

16.     The double-decker Tour Bus began driving down 5th Avenue in New York City. The right side of the street was bordered by rows of large trees with long overhanging tree limbs and branches.

17.     Street signage warned motorists of low clearance, specifying that safe clearance was limited to 9'2". Consequently, the double-decker Tour Bus was too tall for safe operation down 5th Avenue.

3

18.     Notwithstanding the posted warning sign, the Big Bus driver operating the double-decker Tour Bus continued down 5th Avenue.

19.     As a result of the low clearance and speed of the bus, coupled with the open-air design of the upper deck, the tree limbs / branches were caught on the front window initially, but then were released with significant force, causing the tree limbs / branches to whip toward and strike Mrs. Schmitz in her head and face as she sat in the second row of the double-decker Tour Bus (hereinafter referred to as the "Occurrence").

20.     In fact, the impact was so significant that, upon being struck, Mrs. Schmitz' sunglasses broke and flew away, and Mrs. Schmitz sustained injuries to her head and face.

21.     While the family trip was to extend through May 31, 2017, all trip-related activities had to be canceled and/or abandoned due to Mrs. Schmitz' inability to participate, as Mrs. Schmitz awaited her return flight in her hotel room.

22.     Due to continuing pain, Mrs. Schmitz saw her primary care physician upon her return to Germany and was referred to a neurologist.

23.     The neurologist diagnosed Mrs. Schmitz with, *inter alia*, cephalgia (headaches), cervical cephalgia (headaches behind the eyes), commotio cerebri (craniocerebral injury), and increased depressive tendencies due to the incident.

24.     To this day, Mrs. Schmitz continues to experience these symptoms and remains in the care of her neurologist in Germany.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

25.     It was the duty of Big Bus to exercise due care in the operation of the double-decker Tour Bus and to avoid foreseeable injuries to others.

4

26.     However, Big Bus negligently and recklessly operated the double-decker Tour Bus without regard for passenger safety.

27.     Big Bus is subject to the standard of care imposed upon a common carrier to act as a reasonably prudent carrier would under similar circumstances.

28.     Big Bus was aware, or should have been aware, that the upper deck of its double-decker Tour Bus would be hit by tree limbs and branches of large trees along the relevant street at the time of the Occurrence.

29.     Moreover, Big Bus and its driver knew of the unusually dangerous condition posed by tree limbs and branches being caught on the windshield of the upper deck of the double-decker Tour Bus and hurtling towards its passengers.  Alternatively, such condition existed long enough prior to Mrs. Schmitz' injury, such that Big Bus and its driver, in the exercise of reasonable care, should have known of it.

30.     Big Bus disregarded the safety of its passengers in driving down the relevant street at the time of the Occurrence by proceeding without regard to warning signs of "low clearance."

31.     Further, upon knowing or in such instance that Big Bus reasonably should have known of the condition, there certainly was sufficient time, using reasonable methods and in the exercise of reasonable care, to warn its passengers of the condition. However, Big Bus failed to do so.

32.     Big Bus and its driver have the duty to warn their passengers of unusual and dangerous conditions, and they must use ordinary care to inspect and see that those areas of the bus that might cause injury are in a reasonably safe condition.

33.     In addition, Big Bus and its tour bus driver were negligent for not instructing Plaintiff and other passengers to take a seat in the back rows of the upper deck and not warning

that it could be dangerous for her to sit in the second row of the upper deck where she could be struck by tree limbs and branches.

34.     By failing to maintain a proper lookout and/or by failing to warn of a danger or providing language appropriate warning signs or announcements through a guide or the headphones about the danger of tree limbs and branches, Big Bus and its driver were negligent.

35.     Consequently, the accident and the injuries to Mrs. Schmitz were caused by the negligence of Big Bus and its driver.

36.     Plaintiffs were never warned of any risks associated with riding on the second floor of the double-decker Tour Bus, which was open for seating to all passengers.

37.     The aforesaid Occurrence took place without any fault or negligence on the part of the Plaintiffs, who were merely seated occupants on the double-decker Tour Bus at the time of the Occurrence.

38.     As a direct and proximate result, Mrs. Schmitz, sustained injuries to her head and face, the former of which are present to this day and, thus, are permanent in nature.

39.     As a direct and proximate result of Defendant's negligence, Plaintiffs were unable to enjoy the remaining time of their family vacation in New York City.

40.     As a direct and proximate result of Defendant's negligence, Mrs. Schmitz' functional abilities are impacted by pain, resulting in limited ability to perform daily tasks.

41.     To this day, three years post-occurrence, Mrs. Schmitz continues to be evaluated and treated for these injuries.

## COUNT I

### (NEGLIGENCE OF BIG BUS)

42.     Paragraphs 1 – 41 are realleged as though fully set forth herein.

43.     At all times, Big Bus violated the duty of care owed to others as a common carrier in the City of New York, State of New York.

44.     Big Bus failed to adequately, properly, and safely plan its travel route as a reasonably prudent carrier would under similar circumstances in the exercise of due care in the operation of its double-decker Tour Bus to avoid injury to its passengers.

45.     Big Bus failed to warn its passengers of known conditions or conditions of which it should have known to avoid injury to Plaintiff.

46.     As a result of the careless, reckless, and negligent operation of the double-decker Tour Bus, the Defendant caused the aforementioned Occurrence, as well as the resulting personal and permanent injuries to Mrs. Schmitz.

47.     Negligent acts of omission or commission by Defendant, Big Bus, causing Plaintiff's injuries, include, but are not limited to, the following:

  a.   By selecting a route via 5th Avenue that requires buses to be operated in the right lane under large trees for which clearance was insufficient for an open-air, double-decker Tour Bus to safely operate;

  b.   By training its drivers to enter 5th Avenue without regard to warning signs of low clearance;

  c.   In failing to install language appropriate warning signs or announcements through a guide or the headphones to alert passengers of the risk of being struck

by tree limbs and / or branches while sitting on the upper deck of the double-decker Tour Bus;

d.   In operating the double-decker Tour Bus without maintaining a proper lookout for obstructions and / or dangers in disregard of the rights and safety of the Plaintiffs and other persons;

e.   In operating the double-decker Tour Bus tour in a manner which unreasonably endangered the Plaintiffs and other persons;

f.   In failing to put in place requirements, proper training modalities, and proper policies and procedures for its drivers regarding safe operating rates of speed that are reasonable and proper for the conditions evidenced at the time of the Occurrence;

g.   In failing to put in place requirements, proper training modalities, and proper policies and procedures for its drivers concerning the adequate and timely observation of and response to obstructions in, around, or above the route;

h.   In failing to put in place requirements, proper training modalities, and proper policies and procedures for its drivers concerning the observation of signs and signals regulating the height requirements of vehicles at the time and place of the Occurrence;

i.   In failing to put in place requirements, proper training modalities, and proper policies and procedures for its drivers concerning the operation of the double-decker Tour Bus in conformity with the traffic rules, regulations, statutes and ordinances along the selected tour route;

j.   In failing to put in place requirements, proper training modalities, and proper policies and procedures for its drivers such that the double-decker Tour Bus would not be operated in a careless, reckless, and negligent manner; and

k.   In all other respects not known to Plaintiffs, but which may become known prior to or at the time of trial of this matter.

48.   As direct and proximate result of one or more of these aforesaid acts of omission or commission, Plaintiff, Dorothee Schmitz, by way of her injuries to the present day, suffered and continues to suffer serious injury within the meaning of the New York No-Fault Statute NY INS § 5102 (d), namely, permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents Plaintiff from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the Occurrence of the injury or impairment.

49.   As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Dorothee Schmitz, suffered and continues to suffer a serious injury, enduring pain and suffering, inconvenience, disability, future medical intervention, mental anguish, and loss of capacity for the enjoyment of life.

50.   As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Dorothee Schmitz, suffered and continues to suffer the expense of medical care and treatment, as well as the pecuniary loss as it relates to the expense of the vacation that was ruined due to the events recited herein and her broken property.

51.     That by reason of the foregoing, Plaintiff, Dorothee Schmitz, is entitled to recovery from Defendant for all of the damages she has suffered and will continue to suffer, including actual and exemplary damages, costs, interest, and such other relief as this court may deem just and appropriate.

WHEREFORE, Plaintiff, Dorothee Schmitz, demands that judgment be entered against Defendant, Taxi Tours Inc. d/b/a Big Bus TOURS NEW YORK a/k/a BIG BUS TOURS, for money damages, costs of suit, pre-judgment interest, and such other relief as this court may deem just and appropriate for all of the damages that she has suffered and continues to suffer, including actual and exemplary damages.

## COUNT II

### (VICARIOUSLY LIABILITY OF BIG BUS)

52.     Paragraphs 1 – 41 are realleged as though fully set forth herein.

53.     Upon information and belief, Defendant, Big Bus, is the owner and operator of the double-decker Tour Bus upon which Mrs. Schmitz was a passenger, as well as the employer of the driver operating the vehicle, at the time of the Occurrence.

54.     Specifically, the driver of the double-decker Tour Bus in which Mrs. Schmitz was a passenger at the time of the Occurrence was acting wholly within the scope of his employment with Big Bus.

55.     Moreover, the driver of the double-decker Tour Bus in which Mrs. Schmitz was a passenger at the time of the Occurrence was performing such actions in the furtherance of Big Bus' business interests as a sight-seeing tour bus owner and operator.

56.     As a result of the careless, reckless, and negligent operation of the double-decker Tour Bus by the driver employed by Big Bus, the Defendant is vicariously responsible for causing

the aforementioned Occurrence, as well as the resulting personal and permanent injuries to Mrs. Schmitz.

57.    Negligent acts of omission or commission of the driver employed by Big Bus, causing Plaintiff's injuries, include, but are not limited to, the following:

a.   The negligent and/or reckless operation of the double-decker Tour Bus;

b.   By improperly entering enter 5th Avenue without regard to warning signs of low clearance;

c.   In failing to provide language appropriate warnings to alert passengers of the risk of being struck by tree limbs and / or branches while sitting on the upper deck of the double-decker Tour Bus;

d.   In operating the double-decker Tour Bus without maintaining a proper lookout for obstructions and / or dangers in disregard of the rights and safety of the Plaintiffs and other persons;

e.   In operating the double-decker Tour Bus in a manner which unreasonably endangered the Plaintiffs and other persons;

f.   In failing to operate the double-decker Tour Bus at safe operating rates of speed that are reasonable and proper for the conditions evidenced at the time of the Occurrence;

g.   In failing to make adequate and timely observation of and response to obstructions in, around, or above the route at the time of the Occurrence;

h.   In failing to observe signs and signals regulating the height requirements of vehicles at the time and place of the Occurrence;

i.   In operating the double-decker Tour Bus in violation of the traffic rules, regulations, statutes and ordinances along the selected tour route at the time of the Occurrence;

j.   In failing to operate the double-decker Tour Bus as a prudent person would under the circumstances;

k.   In being otherwise careless, reckless, and negligent in the operation of the double-decker Tour Bus; and

l.   In all other respects not known to Plaintiffs, but which may become known prior to or at the time of trial of this matter.

58.   As direct and proximate result of one or more of these aforesaid acts of omission or commission, Plaintiff, Dorothee Schmitz, by way of her injuries to the present day, suffered and continues to suffer serious injury within the meaning of the New York No-Fault Statute NY INS § 5102 (d), namely, permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents Plaintiff from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the Occurrence of the injury or impairment.

59.   As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Dorothee Schmitz, suffered and continues to suffer a serious injury, enduring pain and suffering, inconvenience, disability, future medical intervention, mental anguish, and loss of capacity for the enjoyment of life.

60.     As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Dorothee Schmitz, suffered and continues to suffer the expense of medical care and treatment, as well as the pecuniary loss as it relates to the expense of the vacation that was ruined due to the events recited herein and her broken property.

61.     That by reason of the foregoing, Plaintiff, Dorothee Schmitz, is entitled to recovery from Defendant for all of the damages she has suffered and will continue to suffer, including actual and exemplary damages, costs, interest, and such other relief as this court may deem just and appropriate.

WHEREFORE, Plaintiff, Dorothee Schmitz, demands that judgment be entered against Defendant, Taxi Tours Inc. d/b/a Big Bus TOURS NEW YORK a/k/a BIG BUS TOURS, for money damages, costs of suit, pre-judgment interest, and such other relief as this court may deem just and appropriate for all of the damages that she has suffered and continues to suffer, including actual and exemplary damages.

## COUNT III

## (LOSS OF CONSORTIUM)

62.     Paragraphs 1 – 41 are realleged as though fully set forth herein.

63.     That at all times heretofore mentioned, Mr. Schmitz was the lawful spouse of Plaintiff, Mrs. Schmitz.

64.     That as the lawful spouse of Plaintiff, Mr. Schmitz was and is entitled to the love, society, companionship, services, consortium, affection, attention, and support of his wife.

65.     That as a result of the aforesaid Occurrence, Mr. Schmitz has been deprived, and will in the future be deprived, of the love, society, companionship, services, consortium, affection, attention, and support of his wife, and Mr. Schmitz was otherwise damaged.

66.     That by reason of the foregoing, Mr. Schmitz is entitled to recover from Big Bus for all of the damages which he has suffered and will continue to suffer due to the deprivation of the love, society, companionship, services, consortium, affection, attention, and support of his wife.

67.     That by reason of the foregoing, Mr. Schmitz is entitled to recover from Big Bus for the pecuniary loss as it relates to the expense of the vacation that was ruined due to the events recited herein.

68.     That by reason of the foregoing, Mr. Schmitz is entitled to recovery from Big Bus for all of the damages he has suffered and will continue to suffer, including actual and exemplary damages, costs, interest, and such other relief as this court may deem just and appropriate.

WHEREFORE, Plaintiff, Jakob Schmitz, demands that judgment be entered against Defendant, Taxi Tours Inc. d/b/a Big Bus TOURS NEW YORK a/k/a BIG BUS TOURS, for money damages, costs of suit, pre-judgment interest, and such other relief as this court may deem just and appropriate for all of the damages that he has suffered and continues to suffer, including actual and exemplary damages.

### **SUPPLEMENTATION / AMENDMENT OF THE COMPLAINT**

Plaintiffs reserve the right, upon leave of Court after responsive pleadings, or by right under the Federal Rules of Civil Procedure, to Supplement and Amend this Complaint as any further information becomes known or available.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, DOROTHEE SCHMITZ and JAKOB SCHMITZ, hereby demand a trial by jury on all issues so triable.

DATED: May 28, 2020

Respectfully submitted,

By: <u>s/ Michael R. Jackson</u>
    **Michael R. Jackson**
    New York Bar No. 5459862
    **JACKSON LAW INTERNATIONAL**
    1201 S. Orlando Avenue, Suite 201
    Winter Park, Florida 32789
    Telephone: 321-972-8820
    Facsimile: 321-972-8821
    Email:
    mjackson@jacksonlawinternational.com

    *Attorneys for the Plaintiffs*